UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Court No.  7:20CV00311 |
| | ) |
| 2014 FORD EDGE UTILITY VEHICLE, | ) |
| BEARING VEHICLE IDENTIFICATION | ) |
| NUMBER 1FMCU9J97EUA27680 | ) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Now comes the plaintiff, United States of America, by and through its attorney, Krista Consiglio Frith, Assistant United States Attorney, and brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

NATURE OF THE ACTION

1. This is a civil action *in rem* brought to forfeit and condemn certain personal property assets to the use and benefit of the United States, pursuant to 21 U.S.C. § 881(a)(4), for violations of 21 U.S.C. § 841(a)(1).

THE DEFENDANTS *IN REM*

2. The defendant property consists of one 2014 Ford Edge Utility Vehicle, VIN:1FMCU9J97EUA27680, seized from Kenneth Beaner on October 23, 2019, at NE Kimball Avenue, Roanoke, Virginia, and is presently in the custody of Bureau of Alcohol, Tobacco, Firearms and Explosives at Roanoke County Police Department Impound Lot.

JURISDICTION AND VENUE

3. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1) because the acts giving rise to this forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

6. Upon the filing of this Complaint, the plaintiff requests that the Clerk of Court issue a Warrant of Arrest *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## BASIS FOR FORFEITURE

7. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) as property which was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. § 841(a)(1).

## FACTS

8. Between August and October 2019, a confidential source (CS) purchased quantities of heroin, methamphetamine, and fentanyl from Kenneth Tito Beaner.

9. On August 8, 2019, a CS contacted Beaner by telephone to place an order for heroin. During the telephone call, Beaner and the CS agreed to meet near Beaner's mother's residence, where Beaner resided, on Hillcrest Avenue in Roanoke.

10. The CS met Beaner at Hillcrest Avenue. Upon arrival, Beaner was seated in the Defendant property. The CS purchased heroin from Beaner while Beaner was seated in the Defendant property.

11. On August 9, 2019, a CS contacted Beaner by telephone to place an order for heroin. Beaner and the CS met at Addison Middle School on August 9, 2019. Beaner was driving the Defendant property.

12. From Addison Middle School, Beaner instructed the CS to follow him to a separate location. Beaner drove the Defendant property to a location on Hanover Avenue in Roanoke.

13. At the location on Hanover Avenue in Roanoke, on August 9, 2019, the CS purchased heroin from Beaner.

14. On August 10, 2019, a CS contacted Beaner by telephone to place an order for heroin. During the telephone call, Beaner and the CS subsequently met near his mother's residence on Hillcrest Avenue in Roanoke.

15. When they met, Beaner was seated with two unknown males in the Defendant property.

16. While seated in the Defendant property, Beaner sold heroin to the CS on August 10, 2019.

17. On August 13, 2019, a CS contacted Beaner by telephone to place an order for methamphetamine. During the telephone call, Beaner told the CS to meet him at his mother's residence on Hillcrest Avenue in Roanoke.

18. The CS arrived at the location on Hillcrest Avenue on August 13, 2019, and Beaner was seated with an unknown male in the Defendant property.

19. While seated in the driver's seat of the Defendant property, Beaner sold methamphetamine to the CS on August 13, 2019.

20. On October 16, 2019, a CS contacted Beaner by telephone to place an order for fentanyl. During the telephone call, Beaner told the CS to meet him at 2322 Robins View Drive in Roanoke.

21. On October 16, 2019, Beaner drove the Defendant property to meet the CS at 2322 Robins View Drive.

22. When the CS arrived at 2322 Robins View Drive, Beaner sold fentanyl to the CS from inside the residence at 2322 Robins View Drive on October 16, 2019.

23. After the transaction at 2322 Robins View Drive on October 16, 2019, Beaner drove the Defendant property to leave the residence.

24. On May 21, 2020, a federal grand jury returned an indictment against Beaner alleging distribution of heroin, methamphetamine, and fentanyl, in violation of 21 U.S.C. § 841(a)(1).

25. Peggy Davis is Beaner's mother, with whom Beaner resided at Hillcrest Avenue in Roanoke.

26. Davis is the registered owner of the Defendant property.

27. Davis permitted Beaner to use the Defendant property.

28. Davis had reason to believe Beaner was involved in the distribution of illegal narcotics, and that he would use the Defendant property to distribute and/or facilitate the same.

29. These facts and additional facts are stated in the attached Declaration of Special Agent Nicholas Davis, Bureau of Alcohol, Tobacco, Firearms and Explosives, and are incorporated by reference.

WHEREFORE, the United States of America respectfully requests that the Clerk of Court issue a Warrant of Arrest *in rem* pursuant to Supplemental Rule G(3)(b); that due notice be given

to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                THOMAS T. CULLEN
                United States Attorney

                <u>s/Krista Consiglio Frith</u>
                Assistant United States Attorney
                State Bar No. 89088
                310 First Street, S.W., Room 906
                Roanoke, VA 24011
                Phone: (540)857-2250
                Fax: (540)857-2614

## VERIFICATION

I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and one of the agents assigned the responsibility for the above-captioned matter. I have read the contents of the foregoing Complaint for Forfeiture, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of June, 2020.

NICHOLAS DAVIS
Digitally signed by NICHOLAS DAVIS
Date: 2020.06.03 14:16:14 -04'00'

Nicholas Davis
Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
2014 FORD EDGE UTILITY VEHICLE, BEARING VEHICLE IDENTIFICATION NUMBER 1FMCU9J97EUA27680

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Krista Frith, United States Attorney's Office
310 First Street SW
Roanoke, VA 24011  540-857-2250

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(4)
Brief description of cause:
Civil Forfeiture

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                        DOCKET NUMBER

DATE: 06/03/2020

SIGNATURE OF ATTORNEY OF RECORD: s/Krista Frith

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE   Conrad          MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|   Plaintiff | : | |
| | : | |
| v. | : | Case No. 7:20cv00311 |
| | : | |
| 2014 FORD EDGE UTILITY VEHICLE, | : | |
| BEARING VEHICLE IDENTIFICATION | : | |
| NUMBER 1FMCU9J97EUA27680 | : | |
| | : | |
| | : | |

Defendant.

## AFFIDAVIT IN SUPPORT OF FORFEITURE IN REM

I, Nicholas A. Davis, United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, being first duly sworn, hereby depose and state as follows:

## BACKGROUND AND EXPERIENCE

1. I am an investigative law enforcement officer of the United States, within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516 and Title 21 United States Code, Section 878.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice, and have been so employed since December 29, 2013. Prior to this, I graduated from Lehigh University. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. During this time, I have received training in various aspects of law enforcement, including narcotics and firearms investigations, and I am responsible as a Special Agent for providing sworn testimony before the Federal Grand Jury and in the United States District Court in reference to violations of the federal firearms and

narcotics laws.

3. During my tenure as an ATF Special Agent, I have investigated and participated in investigations of groups and individuals acting in violation of federal drug and firearms laws. As part of my official duties, I have utilized traditional law enforcement techniques, including visual surveillance, witness interviews, execution of search warrants, use of cooperating witnesses, seizure of drug evidence, controlled purchases of narcotics, seizure of court-authorized pen registers and related electronic evidence, use of the federal grand jury, and undercover techniques. I have debriefed numerous cooperating defendants and confidential informants regarding the habits, practices, methods, and general behavior of groups engaged and organized around drug and/or firearms trafficking.

4. My training and experience has afforded me an opportunity to observe and investigate the methods of individuals and groups engaged in drug trafficking, including the manner in which vehicles are used to facilitate these operations. These investigations have resulted in the arrest of individuals using third-party vehicles, rented or borrowed, to engage in the sale and transport of illegal drugs.

5. The statements contained in this affidavit are based on my personal knowledge of, and involvement in, this investigation as well as other facts and information provided to me by other law enforcement officers, including officers, agents or deputies of the Roanoke Police Department (RPD) and the High Intensity Drug Trafficking Area (HIDTA) task force. I am familiar with the information contained in this affidavit through review of records and reports pertaining to this investigation as well as discussions with other law enforcement personnel. This affidavit contains information necessary to support a complaint relating to the forfeiture of a 2014 Ford Edge Utility Vehicle bearing Vehicle Identification Number

1FMCU9J97EUA27680 (the "SUBJECT PROPERTY") seized from Kenneth Tito BEANER in Roanoke, Virginia as property used, or intended to be used, to facilitate one or more federal drug offenses, in violation of 21 U.S.C. § 841(a)(1) and pursuant to 21 U.S.C. § 853(a)(2).

6. As set forth in detail below, the SUBJECT PROPERTY is forfeitable under 21 U.S.C. §§ 853(a)(2) and 881(a)(4) as a vehicle used or intended for use to transport or facilitate the transportation, sale, receipt, possession or concealment of controlled substances, in violation of 21 U.S.C. § 841(a)(1), pertaining to the unlawful distribution of controlled substances.

## SUMMARY OF THE INVESTIGATION

7. As part of a current assignment, I have been involved in an investigation of drug trafficking activities of Kenneth Tito BEANER in the Western District of Virginia. During the course of the investigation, officers and agents conducted several controlled purchases of narcotics from BEANER, most often near his mother's residence in the City of Roanoke. Although his mother is the registered owner of the SUBJECT PROPERTY, BEANER used the SUBJECT PROPERTY in connection with several of these drug sales, as detailed below. Correspondingly, the SUBJECT PROPERTY was seized from BEANER upon his arrest in October 2019 as property used to facilitate the illegal sale, receipt, possession, concealment or transportation of controlled substances.

## THE INVESTIGATION

7. Between August and October 2019, members of the Roanoke Police Department (RPD) used a confidential source (CS) to purchase quantities of heroin, methamphetamine, and fentanyl from Kenneth Tito BEANER, also known as "Junior."

8. Standard controls were in place for each transaction, to include the use of pre-recorded currency, audio-video recording equipment to record each narcotics purchase, and

procedures for searching the CS and the CS's vehicle. Surveillance units were employed along the route to and from the designated meet locations for safety and target identification purposes.

9. The first controlled purchase took place on August 8, 2019. On that date, a CS contacted BEANER by phone under police observation to place an order for a quantity of heroin. During the recorded set-up call, BEANER and the CS agreed to meet on Hillcrest Avenue in Roanoke, near his mother's residence. BEANER has reported living at his mother's residence since approximately September 2016.

10. BEANER arrived at Hillcrest Avenue under police surveillance in the SUBJECT PROPERTY, with an unknown male companion in the passenger seat. The CS subsequently purchased approximately 1.4 grams of heroin from BEANER inside the SUBJECT PROPERTY.

11. Investigators conducted a second controlled purchase of narcotics from BEANER on August 9, 2019. On that date, a CS made a recorded call to BEANER at the same phone number used the previous day. Following the call, BEANER met the CS at Addison Middle School, driving the SUBJECT PROPERTY, and led the CS by car to a separate location on Hanover Avenue in Roanoke. Once there, the CS purchased approximately 0.9 grams of heroin from BEANER.

12. A CS made another purchase of heroin from BEANER the following day, on August 10, 2019. In a recorded call to the same phone number used for the earlier buys, BEANER told the CS, "I'm at Hillcrest." BEANER and the CS met near his mother's residence on Hillcrest Avenue in the SUBJECT PROPERTY. BEANER had two unknown males in the vehicle, and sold approximately one gram of heroin to the CS from inside the car.

13. BEANER sold methamphetamine to a CS on August 13, 2019, also on Hillcrest. On that date, the CS made a recorded call under police surveillance to order a quantity of

methamphetamine. From the same phone number as before, BEANER directed the CS to meet him on Hillcrest. When the CS arrived, BEANER was waiting in the SUBJECT PROPERTY with an unknown male companion, behind his mother's residence on Hillcrest Avenue. He sold the CS approximately 4 grams of methamphetamine from his driver's side seat.

14. On October 16, 2019, a CS placed a recorded call to BEANER at a new number to order a quantity of fentanyl. BEANER advised that he would meet the CS at 2322 Robins View Drive in Roanoke. Just prior to the CS's arrival, surveillance officers observed BEANER depart the Robins View residence in the SUBJECT PROPERTY with an unknown male and an unknown female, returning a short while later. When the CS arrived, BEANER sold the CS approximately 85 grams of fentanyl for $7,600. The transaction occurred inside the residence. Following the CS's departure, surveillance teams observed BEANER depart the residence once again in the SUBJECT PROPERTY.

15. The presence of illegal drugs purchased from BEANER on each of the foregoing dates was confirmed by field testing and laboratory analysis.

16. BEANER was charged by federal criminal complaint with violation of the federal drug law, 21 U.S.C. § 841(a)(1), in relation to drug trafficking activity as described above. Case No. 7:20-MJ-00036. A federal grand jury returned an indictment against BEANER alleging related drug offenses on May 21, 2020. Case No. 7:19-CR-00103. He remains incarcerated on the instant indictment at the present time.

17. BEANER's mother, Peggy DAVIS, testified on his behalf during a detention hearing on April 13, 2020, as a character witness and potential third party custodian for her son. She is the registered owner of the SUBJECT PROPERTY. During the hearing, DAVIS admitted that she purchased the SUBJECT PROPERTY and permitted BEANER to use it as his own,

including during the period in which he used it to distribute narcotics at her residence. DAVIS advised the Court that she owned more than one vehicle and kept a different vehicle for her personal use.

18. There is reason to believe that DAVIS was aware of BEANER's distribution activities. BEANER has reported living with DAVIS at her Hillcrest Avenue address since 2016, including when BEANER was charged with felony distribution in Roanoke City in 2017. DAVIS was aware that her son was on probation at the time the instant drug offenses were committed. In addition, probation had visited her residence previously in relation to BEANER's non-compliance with probation requirements.

## CONCLUSION

19. Based on the foregoing, your affiant believes that the SUBJECT PROPERTY was used by BEANER to facilitate the transportation, sale, receipt, possession or concealment of controlled substances between August and October 2019, in violation of 21 U.S.C. § 841(a)(1). From evidence as described herein, there is probable cause to believe that the SUBJECT PROPERTY is forfeitable under 21 U.S.C. § 881(a)(4) as a vehicle used or intended for use to transport or facilitate the transportation, sale, receipt, possession or concealment of controlled substances, in violation of 21 U.S.C. § 841(a)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of June 2020.

NICHOLAS DAVIS

Digitally signed by NICHOLAS DAVIS
Date: 2020.06.03 14:18:31 -04'00'

NICHOLAS DAVIS
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives